**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DR. JOHN THOMPSON, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| WILLIAMS & FUDGE, INC., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, DR. JOHN THOMPSON, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by the Defendant and its agents in its illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, DR. JOHN THOMPSON ("Plaintiff"), is an adult

individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant WILLIAMS & FUDGE, INC. ("FUDGE"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by FUDGE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. FUDGE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to New Mexico Higher Education Department (the "Creditor") for student loans.

9. The Debt was based on a written agreement or promissory note.

10. Accordingly, the Debt was subject to the enforcement limitations enumerated in NRS 11.190(1)(a), which provides that and action upon a contract, obligation or liability founded upon an instrument in writing be commenced within 6 years.

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. The Debt was purchased, assigned or transferred to FUDGE for collection, or FUDGE was employed by the Creditor to collect the Debt.

13. FUDGE attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **FUDGE Engages in Illegal Collection Tactics**

## FACTS

14. On February 9, 2017, the Plaintiff's wife, Cheryl Marks, received a collection phone call from Ralene Lenox ("Lenox"), a representitive of FUDGE, alledging that Plaintiff owed the Debt and seeking to collect same. Rathern than just seeking location information from Mrs. Marks, Lenox disclosed that she was attempting to collect a Debt from Mrs. Marks' husband and sought to obtain payment on the Debt from Mrs. Marks. Mrs. Marks, shocked and surprised about the collection efforts, hung up and told her husband about the collection call from Lenox.

15. Soon after, on or about February 10, 2017, FUDGE sent a collection letter to Plaintiff attempting to collect $137,721.57 for two accounts with the New Mexico Higher Education Department ("NMHED").

16. On or about March 7, 2017, Plaintiff sent a written request to FUDGE requesting FUDGE verify the Debt and demanding that FUDGE cease all collection communications with the Plaintiff and his wife.

17. Since the Plaintiff understood that all his student loans (including the Debt) were paid off ten years ago, he was shocked by FUDGE's recent collection efforts and assumed this was either a mistake on FUDGE's end, or a an outright scam.

18. Indeed, Plaintiff received no notice of any kind relating to the Debt since 2007 (when he believed he made his final payment on the Debt), so the FUDGE collection was deeply concerning.

19. Even more concerning was that the original amount of the Debt was only $45,000 and FUDGE was now seeking to collect over three times that amount (which, again – he believed was already paid in full).

20. At the time FUDGE tried to collect the Debt in March 2017, no payments were made on the Debt for more than six (6) years. Accordingly, the Debt was time-barred and no longer legally enforceable under Nevada law.

21. The Debt was also time-barred under New Mexico's collection limitations as well. Specifically, New Mexico Statutes (NMS) Chapter 37, Section 37-1-3(A) states that "actions founded upon any bond, promissory note, bill of exchange or other contract in writing shall be brought within six years."

22. FUDGE therefore knew or should have known that the Debt was time barred when is attempted to collect the Debt at all times herein.

23. Notwithstanding the foregoing, FUDGE attempted to mislead the Plaintiff into repaying the Debt which he was no longer responsible to pay.

24. Damages have resulted as does this suit.

## C. Plaintiff Suffered Actual Damages

25. The Plaintiff has suffered and continues to suffer actual damages as a result of FUDGE's unlawful conduct.

26. As a direct consequence of FUDGE's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, and frustration.

## D. Respondeat Superior Liability

27. The acts and omissions of FUDGE, and the other debt collectors employed as agents by FUDGE who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant FUDGE.

28. The acts and omissions by FUDGE and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by FUDGE in collecting consumer debts.

5

29. By committing these acts and omissions against Plaintiff, FUDGE and these other debt collectors were motivated to benefit their principal, Defendant FUDGE.

30. FUDGE is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. FUDGE's conduct violated 15 U.S.C. § 1692c(b) in that Defendant engaged in communication with parties other than the Plaintiff, Plaintiff's attorney, or a credit bureau in an attempt to collect a debt.  Specifically, FUDGE (through its agent, Lenox) disclosed the Debt to the Plaintiff's wife engaged in collection communications about the Debt with a 3rd party.

33. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.  Specifically, by seeking to collect on an obligation which was no longer subject to collection or enforcement.

34. FUDGE's conduct violated 15 U.S.C. § 1692e(2) in that FUDGE misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor, $0.

35. The Defendants' conduct violated 15 U.S.C. § 1692f and f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor and it was unfair trickery to try to collect the Debt without disclosing the unenforceable nature of the underlying obligation.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendants' violations.

38. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the

intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for attorney's fees and cost of suit; and

4. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 8, 2017

Respectfully submitted,

By /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DR. JOHN THOMPSON*